UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH DALE NORRIS, JR.,

    Petitioner,

-vs-                                                           Case No.  8:12-CV-2042-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

    Before the Court is Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1) challenging plea-based convictions for four counts of using a child in a sexual performance entered in November 16, 2007, by the Tenth Judicial Circuit Court, Polk County, Florida.  Upon consideration, the Court concludes that the petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).  *See Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).  *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

The AEDPA created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . ."   28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction was entered on November 16, 2007.  Petitioner did not file a direct appeal.[1]  Therefore, his judgment of conviction became final 30 days later on December 16, 2007.  *See Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the thirty-day time period for filing an appeal expires).  According to the Polk County Clerk of Court's website, Petitioner filed: 1) a motion to vacate the judgment on April 7, 2010, which was denied on May 3, 2010; 2) a motion to correct illegal sentence on May 4, 2011, which was denied on May 18, 2011; and 3) a motion for post conviction relief on June 27, 2011, which was denied June 29, 2011.[2]  These post conviction motions, however, were filed well beyond the expiration of

---

[1] Although the petition indicates that Petitioner appealed from the judgment of conviction (Dkt. 1 at 1), the Court takes judicial notice of information on the Polk County Clerk of Court's website, www.polkcountyclerk.net/, and the Florida Second District Court of Appeal's website, www.2dca.org/, viewed on September 12, 2012, which reveals that Petitioner did not file a direct appeal from the judgment of conviction. Fed.R.Evid. 201.

[2] According to the Polk County Clerk of Court's website, Petitioner appealed the denials of the April 7, 2010, and June 27, 2011 motions, and those denials were affirmed by the appellate court.

the December 16, 2008 federal limitation deadline. As a consequence, the motions did not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Consequently, Petitioner's federal petition, constructively filed on August 23, 2012, is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner has not alleged that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling. Consequently, the petition must be dismissed as time-barred.

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before **October 11, 2012.**

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on September 13, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*